UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIK DE SANTIAGO, | ) | NO. CV 23-5423-ODW (AGR) |
| Petitioner, | ) | |
| | ) | |
| S. SMITH, Warden, | ) | ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED |
| Respondent. | ) | |

On July 3, 2023, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence. On the face of the Petition, it appears that the grounds for relief are untimely and fail to state a cognizable basis for federal habeas relief. The court orders Petitioner to show cause, in writing, on or before *March 8, 2024*, why the court should not recommend dismissal of the Petition.

**I.**

**PROCEDURAL HISTORY**

On June 18, 2007, Petitioner pleaded nolo contendere to Count 5 for assault with a firearm on a peace officer in violation of Cal. Penal Code §

245(d)(1).  (Petition at 2 (Case No. BA 290731).)[1]  On July 27, 2007, he was sentenced to an aggregate term of 34 years in state prison.[2]  (*Id*. at 22-23.)  Pursuant to his plea bargain, Counts 1-4 (attempted murder, assault with machine gun on peace officer, discharge firearm in public, and assault with machine gun) were dismissed.  (*Id.*)

Petitioner did not pursue direct appeal.  (*Id*. at 2.)

Petitioner unsuccessfully pursued habeas relief at all three levels of state courts.  On February 24, 2022, the Superior Court denied a habeas petition requesting that the court modify his sentence.  (*Id.* at 24.)  On April 18, 2022, the court denied a subsequent motion seeking the same relief.  (*Id*.)  On June 7, 2022, the court denied Petitioner's third habeas petition alleging an illegal sentence.  (*Id*. at 26.)  "Even if [petitioner's] petition should not be dismissed outright as successive or delayed, [petitioner] had not shown he received an illegal sentence, which was the result of a plea bargain he knowingly and intelligently accepted."  (*Id*.)

On June 3, 2022, the California Court of Appeal denied a habeas petition filed on May 15, 2022.  (*Id*. at 28 (Case No. B320331).)  The Court of Appeal held that: (1) "Petitioner is estopped from challenging the plea agreement to which he agreed and from which he benefitted"; (2) "petitioner's sentence is not illegal"; and (3) petitioner did not establish a prima facie showing of ineffective assistance of counsel.  (*Id*.)

On February 15, 2023, the California Supreme Court summarily denied a habeas petition filed on November 4, 2022.  (*Id*. at 30 (Case No. S277174).)

---

[1] *See* Fed. R. Evid. 201; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting court may take judicial notice of state court docket).

[2] Petitioner's aggregate sentence consisted of four years for the offense of conviction, a ten year gang enhancement (Cal. Penal Code § 186.22(b)(1)(C)), and a twenty year enhancement for the use of a firearm (Cal. Penal Code § 12022.53(c).  (Petition at 10, 23.)

Petitioner constructively filed the underlying Petition on June 22, 2023. (*Id.* at 33.)

## II.

## **DISCUSSION**

### A.  Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to this action, contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). The statute of limitations applies to each claim on an individual basis. *See Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).

#### 1.  The Date on Which Conviction Became Final

Under 28 U.S.C. § 2244(d)(1)(A), the limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review.

Petitioner was sentenced and judgment was entered no later than July 27, 2007. He did not pursue direct appeal. Thus, his conviction and sentence became final 60 days later. *See People v. Mora*, 214 Cal. App. 4th 1477, 1482 (2013) (imposition of sentence is equated with entry of final judgment); *see also* California Rules of Court, rule 8.308(a). Petitioner could not petition for a writ of certiorari from the United States Supreme Court because he did not appeal his conviction and sentence to California Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (citing 28 U.S.C. §§ 1257 and Sup. Ct. R. 13).

Thus, Petitioner's conviction became final on September 25, 2007, when his deadline to appeal his conviction and sentence expired. The AEDPA statute of limitations period expired one year later, on September 25, 2008.

1  Petitioner constructively filed this Petition on June 22, 2023, close to 15
years later.  (Dkt. No. 1 at 33.)  Absent a showing that the accrual date was
delayed or the limitations period was tolled, the Petition is untimely.

### 2. Delayed Accrual– § 2244(d)(1)(D)

Under § 2244(d)(1)(D), the limitations period starts running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D). The "'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered."  *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012).

Petitioner has not argued that he is entitled to a later start date than the date his conviction and sentence became final.  No basis for delayed accrual is apparent from the record.

### 3. Statutory Tolling

Generally, the statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008).  However, once the limitation period has expired, later-filed state habeas petitions do not toll the limitation period.  *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

As discussed above, Petitioner began filing state petitions for sentencing relief in 2022, well after the AEDPA limitation period expired on September 25, 2008.  (*See* Section I.)  Accordingly, the state petitions do not toll the statute of limitations.  The Petition is untimely unless Petitioner can demonstrate that he is entitled to equitable tolling.

### 4. Equitable Tolling

A petitioner who files a federal habeas petition after expiration of the one-year statute of limitations may be entitled to equitable tolling.  *See Holland v.*

*Florida*, 560 U.S. 631, 649 (2010).  The petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id*. (citation omitted).  The diligence required for equitable tolling is "'reasonable diligence'" and not maximum feasible diligence.  *Id.* at 653 (citation omitted).  To show an extraordinary circumstance, a petitioner must show more than garden variety attorney negligence.  *Id.* at 652-53 (noting that attorney abandonment may satisfy standard).  The extraordinary circumstances must be the cause of the untimeliness.  *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2010).  "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).

Petitioner has not shown reasonable diligence in pursuing his rights or an extraordinary circumstance that caused his untimeliness.  Absent a basis for equitable tolling, the Petition remains untimely.

**B.    Cognizability**

Petitioner's claims are premised on the purported violation of Cal. Penal Code §§ 1170.1(f) and 654.  (Petition at 10-16.)  Specifically, Petitioner challenges the imposition of sentencing enhancements for both personal use of a firearm (Cal. Penal Code § 186.22(b)(1)(C)) and committing a violent felony for the benefit of a street gang (Cal. Penal Code § 12022.53(c)) following his conviction for assault with a deadly weapon on a peace officer.[3]  (*Id.*)

Federal habeas review is limited to deciding whether a judgment violates the Constitution, laws, or treaties of the United States.  *See Estelle v. McGuire*,

---

[3] Even though the second ground in the Petition is an ineffective assistance of counsel claim, it, too, is premised on the purported sentencing error: Petitioner contends counsel was constitutionally deficient for, *inter alia*, not advising Petitioner that "an unauthorized enhancement will be imposed [on] him." (*See* Petition at 18-20.)

5

502 U.S. 62, 67-68 (1991).  Generally, a claim involving only the application or interpretation of California law is not cognizable on federal habeas review.  *See* 28 U.S.C. § 2254(a); *see also Rivera v. Illinois*, 556 U.S. 148, 158 (2009) (citation omitted) (An error of state law alone "'is not a denial of due process.'").  To raise a cognizable claim based on a purported state sentencing error, Petitioner must show that the error was "so arbitrary or capricious as to constitute an independent due process . . . violation." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (question of whether prior conviction was serious felony within meaning of state statutes does not raise federal question).  A habeas petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

The Petition does not invoke any federal basis for Petitioner's sentencing argument and does not show that any fundamental unfairness occurred based on the state court's application of its sentencing laws.  Whether the sentencing court properly interpreted § 1170.1(f) is solely a matter of state law and does not implicate a federal constitutional right.  *See, e.g.*, *Miller*, 868 F.2d at 1118-19 (noting habeas petitioner's claim challenging application of  sentence enhancement was not cognizable on federal habeas review); *Sturm v. California Adult Authority*, 395 F.2d 446, 448 (9th Cir. 1967) (observing "a state court's interpretation of its [sentencing] statute does not raise a federal question").  Mere references to "due process" do not federalize a state law issue.  *See Langford*, 110 F.3d at 1389.

Petitioner's sentencing argument has been rejected at all levels of California courts.  In addition to finding the Petitioner estopped from challenging his plea bargained sentence, the California Court of Appeal held that, "[o]n the merits, petitioner's sentence is not illegal." (Petition, Dkt. No. 1 at 28.)  The California Court of Appeal cited *People v. Robinson*, 208 Cal. App. 4th 232

(2012), which held that Cal. Penal Code § 12022.53(e)(2) "specifically authorizes the imposition of both the section 12022.53(b) and the section 186.22(b)(1)(C) enhancements" in a case involving assault with a firearm on a peace officer. *Id.* at 261. This court is bound by the state court's interpretation of its laws. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) ("state court's interpretation of state law . . . binds a federal court sitting in habeas corpus").

Accordingly, Ground One of the Petition does not appear to present a claim cognizable on federal habeas review.

## III.

## **ORDER**

Therefore, the court orders Petitioner to show cause, on or before ***March 8, 2024***, why the court should not recommend dismissal of the Petition for Writ of Habeas Corpus with prejudice as barred by the statute of limitations and for failure to state a cognizable ground for relief. If Petitioner does not respond to this Order to Show Cause, the court will recommend that the District Court dismiss the Petition with prejudice.

DATED: February 2, 2024

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge